BRIGHT, Circuit Judge,
dissenting.
I respectfully dissent. I would affirm the district court’s ruling suppressing the evidence because the encounter between Grant and the police was coercive, not consensual.
I agree with the district court that “[i]t is hard to imagine that the defendant really felt free to leave.” Once an initial traffic stop ceases, further detention is unreasonable unless supported by reasonable suspicion developed during the stop “or unless the continued encounter is consensual.” United States v. Munoz, 590 F.3d 916, 921 (8th Cir.2010). An encounter is consensual if a reasonable person would feel free to “disregard the police and go about his business.” Florida v. Bostick, 501 U.S. 429, 434, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991). Conversely, when an officer’s conduct is coercive such that a reasonable person would not feel free to leave, then the detention is a seizure. United States v. Jones, 269 F.3d 919, 925 (8th Cir.2001).
The majority too easily dismisses the fact that Officer Wilcynski’s exchange with Grant regarding the dog sniff began as a declarative statement. After Grant denied consent for a search of his vehicle and said he’d like to leave, Wilcynski began to direct Grant, saying “I think what we’re going to do is ... ” But he abruptly changed tack and asked Grant what he would think about a dog sniff. This exchange ended with Wilcynski stating he would “get [Grant] going” if the dog did not alert, thereby acknowledging that Grant had already stated he’d like to leave. Grant’s responses to Wilcynski were “Okay,” “Sure,” and “I guess so.” The last response seems to me about as equivocal as you can get without saying, “I’d rather you not, but I don’t feel as though I can refuse.”
The majority points out that Grant successfully declined to consent to a search of his vehicle, indicating he knew he could refuse and thus his consent to the prolonged detention was voluntary. I might agree had the Wilcynski’s language been clearer. Wilcynski asked, “Can I search the vehicle?” Grant responded in the negative. Had Wilcynski then followed up with a simple question: “Will you wait here for a dog sniff?” Grant may have felt free to respond in a similar, negative fashion. But Wilcynski did not pose a simple question. His declaratory language combined with a muddled question was followed by a promise to get Grant going. The reasonable interpretation of this conversation, by any listener in similar circumstances, was that Grant was not free to leave.
The majority is correct that the proper focus is not Grant’s subjective feelings but instead, the objective measure of a reasonable person. Still, faced with these facts I agree with the district court that a reasonable person would not have understood he could “disregard the police and go about *788 his business,” but would have felt coerced to acquiesce. And if there are conflicting reasonable interpretations of the facts, it should be determined by the district court as the finder of fact, not by the appellate court. As the district court noted, the message was clear: “We are going to have you wait for the dog to arrive and search, and if it does not alert, you can leave.” Can anyone really say that a reasonable person in this situation could have defied the police by getting out of the squad car, walking back into his vehicle, and driving away? No way! I would affirm the district court’s suppression of the evidence.